FORET, Judge.
The sole issue before us is whether the trial court abused its discretion in fixing the amount of attorney’s fees.
Plaintiff, James Choate, filed suit against defendant, Vermilion Parish Police Jury, for worker’s compensation benefits, penalties, and attorney’s fees. The trial court rendered judgment in favor of plaintiff, awarding him total and permanent compensation benefits with penalties and interest, medical payments, and attorney’s fees. The trial court fixed the amount of attorney’s fees at $2400. Plaintiff appealed and asked that the award of attorney’s fees be increased. Defendant answered the appeal, claiming that the award of attorney’s fees was excessive.
Plaintiff, James M. Choate, was an employee of defendant, Vermilion Parish Police Jury. On May 13, 1982, he sustained a work-related injury to his back when he jumped from a tractor. Following plaintiff’s injury, defendant began paying compensation benefits but terminated these payments at the end of May of 1983. At trial, defendant admitted that the weekly rate at which it had paid plaintiff was $12 less than the rate plaintiff was actually entitled to. Defendant also conceded that after May of 1983, it had wrongfully withheld compensation payments. Prior to the commencement of trial, defendant tendered $12,901.18 to plaintiff. This amount included all of the weekly benefits which plaintiff claimed were due at that time, plus penalties and interest on this amount. It also included $1500 in attorney’s fees.
The trial court is vested with great discretion to fix attorney’s fees in a worker’s compensation case. Moreau v. Houston General Insurance Company, 386 So.2d 151 (La.App. 3 Cir.1980); Latiolais v. Home Insurance Company, 454 So.2d 902 (La.App. 3 Cir.1984), writ denied, 460 So.2d 610 (La.1984). Defendant argues that the amount of attorney’s fees fixed by the court in the present case was excessive. We disagree. Plaintiff’s attorney estimated that he had spent between sixty and seventy hours on plaintiff’s case, although two to three of those hours had not concerned compensation benefits. Plaintiff’s attorney had to travel to Abbeville from his Lafayette office on at least two occasions: once to take a deposition and again for the trial of this matter. Moreover, although factors such as time spent and degree of skill required may be taken into consideration by the trial court, its discretion is not limited by such factors. When attorney’s fees are awarded for arbitrary non-payment of compensation benefits, they are deemed a penalty, and the value of attorney services need not be proven. Trahan v. Rockwood Insurance Company, 284 So.2d 659 (La.App. 3 Cir.1973); Fontenot v. Town of Kinder, 377 So.2d 554 (La.App. 3 Cir.1979), writ denied, 379 So.2d 1102 (La.1980). On the other hand, we do not agree with plaintiff’s contention that the amount of attorney’s fees fixed by the trial court was so low as to constitute an abuse of discretion. Only two depositions were taken in connection with the case, plaintiff’s and that of Dr. Ronald C. Miller. The only issue contested at trial was the amount of attorney’s fees. The trial was brief — plaintiff was the only witness to testify. Under the circumstances, the amount of attorney’s fees awarded by the trial court was adequate.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by plaintiff.
AFFIRMED.