624 So.2d 977 (1993)
In the Matter of MHC PROPERTIES, INC. Applying for a Monition.
MHC PROPERTIES, INC., Plaintiff-Appellee,
v.
L.A.W. THREE, INC., Defendant-Appellant.
No. 92-1355.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
*978 Robert G. Nida, Alexandria, for MRC Properties.
Michael Simon Tudor, Alexandria, for L.A.W. Three, Inc.
Before DOUCET, KNOLL and DECUIR, JJ.
DECUIR, Judge.
This matter arises out of foreclosure proceedings in which MHC Properties, Inc. purchased property mortgaged by Darrel Van Willet, Jr., at a sheriff's sale on April 1, 1992. The transferee and owner of the property in question at the time of the sale was L.A.W. Three, Inc. A rule was filed by MHC Properties, Inc. citing L.A.W. Three, Inc. and Darrel Van Willet, Jr., to show cause why the sheriff's deed and sale of April 1, 1992, should not be confirmed and homologated. After hearing, the trial court issued written reasons and rendered judgment in favor of MHC confirming and homologating the sheriff's sale of April 1, 1992. L.A.W. Three, Inc. appeals the judgment of the trial court contending that the trial court erred in applying LSA-R.S. 13:3886.1, and in the event 13:3886.1 is applicable, the trial court erred in its interpretation of the statute to include third party possessors; in finding that notice of seizure to Darrel Van Willet, Jr. was sufficient notice to L.A.W. Three, Inc. to meet the requirements of LSA-C.C.P. art. 2721(B); and in failing to apply due process requirements under the Fourteenth Amendment.
Appellant failed to brief the final assignment of error as set forth above and therefore that assignment is considered abandoned pursuant to Uniform Rules-Courts of Appeal Rule 2-12.4. We find appellant's remaining assignments of error to be without merit and affirm the trial court judgment.
The property acquired by MHC at the sheriff's sale was property which had been mortgaged by Darrel Van Willet, Jr. and then subsequently transferred by Mr. Willet to L.A.W. Three, Inc. At the time of the seizure and sheriff's sale, Mr. Willet was the president, agent for service of process and director of L.A.W. Three, Inc. It is undisputed that Mr. Willet was served personally with notice of the seizure and was present at the time of the sale. Notice of the foreclosure proceedings was given to inferior lienholders. Proceedings were filed by MHC to confirm and homologate the sheriff's sale.
LSA-R.S. 13:3886.1 provides:
§ 3886.1. Failure to notify
A. The failure to notify any lienholder or other interested person having an interest in the property shall not affect the rights of the seizing creditor nor invalidate the sheriff's sale; nor shall any lien, privilege, or other encumbrance that is inferior to the rank of the lien of the seizing creditor affect the property after the sheriff's adjudication. The exclusive remedy for any person affected by the provisions of this Subsection shall be to institute a claim by summary pleadings, within one year from the date of the sheriff's adjudication, proving that he has been damaged by the *979 failure to notify him. In connection with any such claim, the court shall consider and the person claiming damages shall have the burden of proving all of the following:
(1) That his name and address were reasonably ascertainable through the exercise of reasonable diligence.
(2) That he lacked actual knowledge of the seizure.
(3) The respective ranking and amounts of all liens, privileges, and other encumbrances affecting the property as of the date of the sheriff's adjudication.
(4) The value of such respective rights.
(5) The value of the property as of the date of the sheriff's adjudication.
(6) The respective positions the parties would have occupied had the required notice been given.
(7) His ability and capacity to have obtained funds to purchase the property at the foreclosure sale had the required notice been given.
(8) That in such circumstances he would have bid on the property in such an amount as to have prevented him from suffering the alleged damages, either by such bid being successful or by such bid leading to a higher bid by another party.
B. In no event shall the claim of any such person exceed the value of the interest he possessed on the date of the sheriff's adjudication.
C. The provisions of this Section shall be applied both retrospectively and prospectively; however, any action for which the time period for bringing such action would otherwise be shortened by the provisions hereof shall be instituted within one year from July 17, 1991, and any suit not instituted within that time and any claims relating thereto shall be forever barred.
We conclude from a reading of this statute that LSA:R.S. 13:3886.1 is applicable to the matter sub judice and further that this statute applies to third party possessors.
Furthermore, we find that L.A.W. Three, Inc. had notice of the seizure and sale by virtue of service of the foreclosure proceedings upon its president, director and agent for service of process, Mr. Willet. Costs of appeal are assessed against Defendant-Appellant.
AFFIRMED.