# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-193

**DONNA DANETE TYSON**

**VERSUS**

**THOMPSON HOME HEALTH**

**********

APPEAL FROM THE
OFFICE OF WORKER'S COMPENSATION, DIST. 02
PARISH OF ACADIA, NO. 07-00314
HONORABLE JAMES L. BRADDOCK,
ADMINISTRATIVE HEARING OFFICER

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Chris J. Roy. pro tem, Judges.

**REVERSED AND REMANDED.**

**GEORGE A. FLOUNOY**
**P.O. Box 1270**
**Alexandria, LA 71309**
**Counsel for Plaintiff-Appellant:**
      **Donna Danete Tyson**

**Ward F. Lafleur**
**Lisa M. Milazzo**
**K. Eric Lafleur**
**P.O. Box 3089**
**Lafayette, LA 70502**
**Counsel for Defendant-Appellee:**
      **Thompson Home Health**

PAINTER, Judge.

Plaintiff, Donna Danete Tyson, appeals the judgment of the trial court dismissing her action for payment of medical expenses under the workers' compensation statute pursuant to a motion for summary judgment filed by Defendant, Thompson Home Health (Thompson). Finding that a question of material fact remains, we reverse and remand for further proceedings.

## FACTS

Tyson was injured in an automobile accident on January 23, 2003, while in the course and scope of her employment as a licensed physical therapist for Thompson. She made a claim against Thompson for workers' compensation benefits and payment of medical expenses. She received benefits for a time, but, on March 17, 2004, she filed a disputed claim for compensation asking for medical benefits, penalties, and attorney's fees. She agreed to a settlement with Thompson, and, on September 2, 2005, the settlement was approved by the Workers' Compensation Judge (WCJ). The settlement agreement included the following language:

> APPEARER declares that for and in consideration of the aforesaid payment, she does hereby release and forever discharge THOMPSON HOME HEALTH and LOUISIANA HEALTH CARE SELF INSURANCE FUND . . . from any and all past, present and future claims, demands, compensation, medical expenses (in addition to any and all outstanding medical bills and/or charges for medical treatment which employer has already authorized and agreed to pay as a result of Employee's work related accident and injury), costs, expenses, penalties, attorney's fees . . . .

However, on January 16, 2007, Tyson again filed a disputed claim for compensation alleging failure to pay medical bills under the settlement agreement and asking for payment of the bills as well as penalties and attorney's fees. Thompson filed a motion for summary judgment asserting that no issue of fact remained but that

1

all Tyson's claims arising out of the January 23, 2003 accident were terminated by the settlement agreement. The trial court dismissed the claim finding no remaining issue of material fact. Tyson appeals.

## DISCUSSION

*Summary Judgment*

> Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Henderson v. Kingpin Development Co.*, 01-2115, p. 4 (La.App. 1 Cir. 8/6/03), 859 So.2d 122, 126. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of fact. *Jarrell v. Carter*, 632 So.2d 321, 323 (La.App. 1 Cir.1993). Summary judgment is only appropriate if the admissible pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B).

*Lacrouts v. Succession of Longo*, 04-1938, pp. 3-4 (La.App. 1 Cir. 9/23/05), 923 So.2d 717, 719.

> Interpreting La.Code Civ.P. art. 966(C)(2), a panel of this court stated:

> > Under the amended statute, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, under Art. 966(C), once the mover had made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.

> > *Hayes v. Autin*, 96-287, p. 6 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694, *writ denied*, 97-0281 (La.3/14/97); 690 So.2d 41. Thus, we must determine: (1) whether the defendant has met its initial burden by showing that no genuine issue of material fact exists and that the defendant is entitled to a judgment as a matter of law; and, if so, (2) whether the claimant failed to produce evidence of a material factual dispute.

2

*Johnson v. Sunbelt Builders, Inc.*, 02-0959, p. 3 (La.App. 3 Cir. 2/5/03), 838 So.2d 907, 910.

*Settlement*

A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. La. C.C. art. 3071; *Dumas v. Angus Chemical Co.*, 31,969, p. 5 (La.App. 2 Cir. 8/20/99), 742 So.2d 655, 660. A release executed in exchange for consideration is a compromise. *Brown v. Drillers, Inc.*, 93-1019 (La.1/14/94), 630 So.2d 741. A compromise regulates only the differences that appear clearly to be comprehended therein by the intention of the parties, "whether it be explained in a general or particular manner," and does not extend to differences that the parties never intended to include. La. C.C. art. 3073; *Ortego v. State, Dept. of Transp. and Development*, 96-1322 (La.2/25/97), 689 So.2d 1358. Further, a general release will not necessarily bar recovery for those aspects of the claim not intended to be covered by the release. *Dimitri v. Dimitri*, 2000-2641, p. 5 (La.App. 4 Cir. 1/30/02), 809 So.2d 481, 485, citing *Moak v. American Automobile Insurance Company*, 242 La. 160, 134 So.2d 911 (1961).

The parties' intent in executing a compromise is normally discerned from the four corners of the document; extrinsic evidence is normally inadmissible to explain, expand or contradict the terms of the instrument. *Brown*, *supra*. Nevertheless, when the parties to a compromise dispute its scope, they are permitted to raise factual issues regarding whether the unequivocal language of the instrument was intended to be truly unequivocal. *Id*. However, such latitude is granted only in the presence of some "substantiating evidence" of mistaken intent. *Dimitri*, *supra*. In *Brown*, the Supreme Court held that "substantiating evidence" must establish either: 1) that the releasor was mistaken as to what he or she was signing, even though fraud was not present; or 2) that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim.

In the absence of such evidence, the compromise is subject to the normal rules of contract analysis and enforced precisely as written. *Brown*, *supra*.

3

*Carrie v. La. Farm Bureau Cas. Ins. Co.*, 04-1001, pp 3-4 (La.App. 4 Cir. 2/16/05), 900 So.2d 841, 844, *writ denied*, 05-711 (La.5/6/05), 901 So.2d 1099.

Plaintiff asserts that she did not intend to release certain rights, specifically the payment of certain medical bills incurred in the treatment of her work related injury. Plaintiff points to correspondence with Defendant which supports her argument that Defendant was to "remain responsible for any and all work related medical expenses incurred, but still unpaid, if any through the date of [the] settlement."[1]  Since the parties dispute the scope of the settlement document, this evidence may be accepted as substantiating evidence.  Given this evidence, we find that Plaintiff has shown that a question of material fact remains unresolved.  Accordingly, summary judgment was not appropriate given the record in this case.

## CONCLUSION

For these reasons, the judgment rendered by the trial court is reversed. This matter is remanded for further proceedings. Costs of this appeal are assessed to Defendant.

REVERSED AND REMANDED.

---

[1] Defendant cites *Nelams v. Allen's TV Cable*, 95-444 (La.App. 3 Cir. 11/2/95); 664 So.2d 563 as support for its argument that the settlement document should not be set aside or modified except in the case of fraud or misrepresentation. We note that the language of the settlement document in *Nelams* was significantly different from the one currently before the court and distinguish the case on that basis.

4