# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-64

**RAPIDES PARISH POLICE JURY**

**VERSUS**

**CATAHOULA DUCK CLUB & LODGE L.L.C., ET AL.**

************
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 231,119
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

************

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, Jimmie C. Peters, Michael G. Sullivan, and Billy H. Ezell, Judges.

**PETERS, J., dissents and assigns written reasons.**

**SAUNDERS, J., dissenting for reasons assigned by Judge Peters.**

**AFFIRMED.**

Ricky L. Sooter
George I. Fine
Provosty, Sadler, deLaunay, Fiorenza & Sobel
3600 Jackson Street, Suite 106 A
Alexandria, LA 71303
Telephone:  (318) 767-0366
COUNSEL FOR:
 PLAINTIFF/APPELLANT - Rapides Parish Police Jury

Richard E. Lee
810 Main Street
Pineville, LA 71360
Telephone:  (318) 448-1391
COUNSEL FOR:
 DEFENDANT/APPELLEE - Catahoula Duck Club & Lodge L.L.C., et al.

**THIBODEAUX, Chief Judge.**

The Rapides Parish Police Jury appeals the trial court's grant of an exception of prescription dismissing the Catahoula Duck Club & Lodge L.L.C. from the Police Jury's attempt to obtain a declaratory judgment seeking to annul a sheriff's sale and recognizing that it has a right of way servitude across rural property located in that parish. The trial court recognized that the Police Jury was entitled to notice of the sheriff's sale. Relying on La.R.S. 13:3886.1(A), however, it determined that the one year prescriptive period provided for in the statute applied to the nullity request. We affirm, but for reasons different from those relied upon by the trial court.

## I.
## ISSUE

We shall determine whether the Police Jury's request to nullify a public sale on the basis of a federal due process violation was proper and whether La.R.S. 13:3886.1(A) applies under the circumstances of this case.

## II.
## FACTS

The immovable property at issue is located in the Northeast Quarter of the Northwest Quarter of fractional Section 4, Township 5 North, Range 3 East of Rapides Parish and was acquired by Richard Daigre in two separate transactions.[1] Richard Daigre died on April 10, 2001, and on July 8, 2003, the administrator of his succession, James L. Broadwell, III, and the then President of the Rapides Parish Police Jury, Richard W. Billings, executed a document entitled "SERVITUDE OF

---

[1]Mr. Daigre obtained the property in two separate transactions, one being the acquisition of a 1.37 acre tract, and the other being the acquisition of a 22.320 acre tract. The larger tract surrounds the smaller on three sides, and they share a common northern boundary with an adjacent tract.

WAY FOR PUBLIC ROAD" (Servitude Agreement) which purports to grant the Police Jury "a servitude and right of way over and across [the Daigre property]."

Attached to the Servitude Agreement are two plats. The first was prepared by Frank L. Willis, a land surveyor, and dated September 26, 1984. The plat depicts the property at issue and shows a dirt or gravel road traversing part of the property, running from the northeast to the southwest across the property, and connecting with a public road on the west side of the property. The northeast end of the road does not completely traverse the property. The second plat, which is dated August 14, 1998, was also prepared by Mr. Willis and shows a twelve-foot wide gravel road in the same location as the road shown on the 1984 plat. The primary difference between the two plats is that in the second, the road completely traverses the property on the northeast side. It is this twelve-foot strip that constitutes the right of way granted to the Police Jury.

This litigation arises because on February 20, 2004, while the property was still under administration, the Southern Heritage Bank instituted foreclosure proceedings on the property. This action resulted in a public sale of the property at a Rapides Parish Sheriff's sale on September 27, 2006. The Police Jury received no notice of any step in these proceedings.

After it purchased the property at the public sale, the Southern Heritage Bank conveyed the property to Thomas Reich, who subsequently entered into agreements transferring an interest in the property to the defendants in this litigation: the Catahoula Boys Hunting and Social Club, Inc.; the Catahoula Duck Club; Richard E. Lee; and, Betty Lee Kirst Dent. On April 4, 2008, the Police Jury brought suit against these defendants, seeking to nullify the public sale and to have its servitude recognized. Thereafter, the Catahoula Duck Club filed exceptions of prescription and

2

no cause of action.[2]   After a hearing, the trial court granted the exception of prescription, and the Police Jury perfected this appeal.

III.

## LAW AND DISCUSSION

The Police Jury sought relief from the trial court based on the United States Supreme Court holding in *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706 (1983).  There, the Supreme Court held that before a state may deprive a person of a legally protected right to life, liberty, or property, it must first provide notice which is reasonably calculated, under all circumstances, to apprise the interested party of the pending action and afford them an opportunity to object.  In *Mennonite*, a mortgagee learned two years after the fact that property on which it held a mortgage was sold pursuant to a tax sale.  In that instance, an Indiana statute provided for notice by three consecutive weeks of publication and by notice posted at the courthouse.  Under the facts of *Mennonite*, the Supreme Court held that constructive notice via publication alone was unreasonable, especially as the mortgagee's address was easily ascertainable. Because the mortgagee's address was discoverable, the Supreme Court held that, in that instance, notice reasonably calculated to inform the mortgagee of the pending suit would have been through personal service or by mail.

The Police Jury argued that the July 2003 Servitude Agreement conveyed to it a property interest entitling it to notice of the foreclosure proceedings, and that the failure to provide it with notice violated its due process rights as provided for in U.S. Const. amend. XIV, as recognized by the *Mennonite* decision.  In its

---

[2]None of the other defendants filed exceptions, and we find nothing in the record to suggest that the other defendants at any later time joined with the Catahoula Duck Club filings or acquiesced therein.  Therefore, the only issue before us relates to this single defendant's filings.

3

reasons for judgment, the trial court agreed with the Police Jury's argument that it was entitled to notice pursuant to *Mennonite*, but concluded that the prescriptive period set forth in La.R.S. 13:3886.1(A) applied and that the Police Jury's claim had prescribed. Louisiana Revised Statutes 13:3886.1(A) provides in pertinent part:

> The failure to notify any lienholder or other interested person having an interest in the property shall not affect the rights of the seizing creditor nor invalidate the sheriff's sale; nor shall any lien, privilege, or other encumbrance that is inferior to the rank of the lien of the seizing creditor affect the property after the sheriff's adjudication. *The exclusive remedy* for any person affected by the provisions of this Subsection *shall be* to institute a claim by summary pleadings, *within one year from the date of the sheriff's adjudication*, proving that he has been damaged by the failure to notify him.

(Emphasis added).

We decline to address the Police Jury's argument that the trial court's holding violated its Fourteenth Amendment due process rights by refusing to find that the sale of the subject property via sheriff's sale was null and void for failing to provide it with prior notice as required by *Mennonite*, 462 U.S. 791, 103 S.Ct. 2706. This argument, as expressed on appeal, is an indirect constitutional attack on La.R.S. 13:3886.1, and the Police Jury did not challenge the constitutionality of La.R.S. 13:3886.1. The Police Jury itself framed the issue as, "[c]an Louisiana Revised Statute 13:3886.1, which attempts to provide a one year prescriptive period to remedy the failure of notice, limit the Federal Constitutional notice requirement?" Thus, the Police Jury is asserting that La.R.S. 13:3886.1 provides an unconstitutional limitation on the federal constitution's Fourteenth Amendment due process provisions.

As stated by the Louisiana Supreme Court in *State v. Hatton*, 07-2377, p. 13 (La. 7/1/08), 985 So.2d 709, 718, we are "not required to decide a constitutional issue unless the procedural posture demands that [we] do so." The party raising the

4

issue bears the burden of proving a statute unconstitutional. *Id*. To do so, the complaining party must first raise the statute's unconstitutionality in the trial court, through specific pleadings which particularize the grounds for the claim. *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859. Furthermore, the pleading attacking the statute's constitutionality must be served on the attorney general, affording him the opportunity to be heard on the issue. La.R.S. 49:257(C) and La.Code Civ.P. art. 1880. Here, none of the aforementioned requirements have been met, and we will not address the constitutionality of La.R.S. 13:3886.1. Thus, the only issue we have before us is whether the prescriptive period set forth in La.R.S. 13:3886.1 applies in this case.

Considering only that issue, we find that La.R.S. 13:3886.1 does apply, and the Police Jury's request for relief has prescribed. The sheriff's sale occurred on September 27, 2006, and the Police Jury did not file this suit until April 4, 2008. Pursuant to La.R.S. 13:3886.1(A), the Police Jury had one year from September 27, 2006, to institute its action for damages. As its April 4, 2008 petition was beyond the one-year-time limit, the trial court's grant of judgment in favor of the Catahoula Duck Club was correct.

IV.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court granting the exception of prescription in favor of the Catahoula Duck Club & Lodge L.L.C. is affirmed. We assess all costs of this appeal to the Rapides Parish Police Jury and set the amount of those costs at $570.50, as required by La.R.S. 13:5112.

**AFFIRMED.**

**RAPIDES PARISH POLICE JURY**

**VERSUS**

**CATAHOULA DUCK CLUB & LODGE L.L.C., ET AL.**

PETERS, J., dissenting.

I agree with the factual background set forth in the majority opinion as well as its conclusion that the constitutionality of La.R.S. 13:3886.1 is not before us. However, I do not agree with the majority that the Rapides Parish Police Jury's (Police Jury) claim had prescribed pursuant to that statute.

In its reasons for judgment, the trial court concluded that the failure to provide notice to the Police Jury of the foreclosure proceedings violated the Police Jury's due process rights as provided for in U.S. Const. amend. XIV and as recognized by *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706 (1983). Because the Catahoula Duck Club did not appeal or answer the Police Jury's appeal, the trial court's judgment on this issue is a final judgment and we cannot address the merits of that judgment. Thus, the only issue before this court is the trial court's ruling that the Police Jury's action is governed by La.R.S. 13:3886.1, and therefore had prescribed. However, unlike the majority, I do not find that this issue is before us in the context of a constitutional attack on the statute itself.

In its prayer for relief, the Police Jury did not seek damages as allowed by La.R.S. 13:3886.1. Instead, it requested that the sheriff's sale be declared null and void to the extent that the sale purported to extinguish the right of way created by the

1

July 8, 2003 Servitude Agreement. Nor did the Police Jury raise the constitutional issue in its pleadings. Instead, it suggested that La.R.S. 13:3886.1 was not applicable to the matter at hand. I agree that the statute is not applicable, as the sale is an absolute nullity as it applies to the Police Jury, and "no preemptive or prescriptive period can breathe life into something that never existed." *Pardon v. Moore*, 39,949, pp. 10-11 (La.App. 2 Cir. 8/17/05), 908 So.2d 1253, 1259 (citing *Gram Realty Co. v. Northern Homes, Inc.*, 308 So.2d 502 (La.App. 1 Cir. 1975)).

Although in the context of a tax sale and not a foreclosure, this court, in *Smith v. Brooks*, 97-1338, p. 7 (La.App. 3 Cir. 4/15/98), 714 So.2d 735, 739, held that "the failure to give notice of the tax delinquency and sale to the record owner rendered the tax sale an absolute nullity." That being the case, this court held, "the passage of the preemptive period [provided by La.Const. art. 7, § 25(C)] had no effect on the record owner's right to seek nullification of the tax sale, deferring to the supremacy of the Fourteenth Amendment to the United States Constitution as interpreted in *Mennonite*." *See also, Parkview Oak Subdivision Corp. v. Tridico*, 95-604 (La.App. 1 Cir. 11/9/95), 667 So.2d 1101, *writ denied*, 96-622 (La. 5/10/96), 672 So.2d 921, (wherein the first circuit specifically excluded coverage of La.R.S. 13:3886.1 in a similar tax sale situation).

The first circuit addressed the issue before us in the context of a third possessor not receiving notice of a foreclosure proceeding by a mortgage holder in *Henderson v. Kingpin Development Co.*, 01-2115 (La.App. 1 Cir. 8/6/03), 859 So.2d 122. In that matter, the plaintiff purchased a tract of immovable property that had been mortgaged by his ancestor in title, with a balance due and owing on the mortgage at the time he acquired title. Thereafter, the mortgagee instituted foreclosure proceedings on the property, using the statutory scheme for foreclosure as set out in La.Code Civ.P. arts.

2635-2638. The original mortgagor received notice, but the only other notice was the advertisement of the sheriff's sale, which appeared in the newspaper.

The court in *Henderson* recognized that "there is no statutory requirement that the present owner receive notice of the seizure" in the case of a foreclosure proceeding and that a third possessor can protect himself by complying with the request notice of La.R.S. 13:3886. *Id.* at 127. Notwithstanding that recognition, the court went on to say that a third possessor's request for notice pursuant to La.R.S. 13:3886 "does not relieve the responsible state actor in a particular case from exercising the reasonable diligence appropriate in the circumstances to ascertain, reasonably, the identity of an individual or entity subject to the deprivation of his or its property." *Id.* Furthermore, the court concluded:

> [A] seizing creditor who avails itself of Louisiana's foreclosure procedures is constitutionally obligated to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action. *Davis Oil Company [v. Mills]*, 873 F.2d [774,] 778 [(5th Cir.), *cert. denied*, 493 U.S. 937, 110 S.Ct. 331 (1989)], citing *Mullane [v. Central Hanover Bank & Trust Co.*, 339 U.S. 306] , 70 S.Ct. [652,] 657; *see Bonner v. B-W Utilities*, 452 F.Supp. 1295, 1300 (W.D.La.1978). The decision in *Mennonite* sets forth a federal constitutional requirement; thus, its holding regarding standards for notice cannot be altered by a state statute such as LSA-R.S. 13:3886.1, and federal law is controlling in this circumstance. *See Parkview Oak Subdivision Corporation v. Tridico*, 95-0604 (La.App. 1st Cir.11/9/95), 667 So.2d 1101, 1104, *writ denied*, 96-0622 (La.5/19/96), 672 So.2d 921.

*Id.* at 129.

In the matter before us, the correctness of the trial court's determination that the Police Jury's Fourteenth Amendment due process rights were violated is not before us. The effect of this determination leaves us with a null and void foreclosure sale as it applies to the Police Jury. That being the case, the prescriptive provisions

3

of La.R.S. 13:3886.1 do not apply. Thus, the rights granted to the Police Jury by the Servitude Agreement remain in full force and effect.

I would reverse the judgment of the trial court dismissing the Police Jury action, and would remand for further proceedings.