# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 10-1040

DONNA TYSON

VERSUS

THOMPSON HOME HEALTH

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 07-00314
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

### SHANNON J. GREMILLION
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED AS AMENDED.**

George A. Flournoy
Flournoy & Doggett, APLC
P. O. Box 1270
Alexandria, LA 71309-1270
(318) 487-9858
Counsel for Plaintiff/Appellee:
Donna Tyson

Ward F. Lafleur
J.  Keith Gates
Mahtook & LaFleur, LLC
P. O. Box 3089
Lafayette, LA 70502-3089
(337) 266-2189
Counsel for Defendant/Appellant:
Thompson Home Health

**GREMILLION, Judge.**

Thompson Home Health settled a claim for workers' compensation benefits with Donna Tyson and received approval for the settlement of the claim from the Workers' Compensation Judge (WCJ) in September 2005. The release provided for the release and discharge of Thompson "from any and all past, present and future claims, demands, compensation, *medical expenses (in addition to any and all outstanding medical bills and/or charges for medical treatment, which employer has already authorized and agreed to pay as a result of Employee's alleged work related accident and injury). . . .*" (Emphasis added). In January 2007, Tyson filed a Disputed Claim for Compensation (1008) with the Department of Labor, seeking payment of two medical bills she incurred at Christus St. Francis Cabrini Hospital in Alexandria, Louisiana. These expenses were incurred by Tyson before the settlement and were on referral of Thompson's chosen provider. Tyson claimed that the parties intended that all pre-settlement medical expenses were to be paid by Thompson.

Subsequent to the filing of the 1008, Thompson filed a motion for summary judgment that was granted by the WCJ. This court reversed. *Tyson v. Thompson Home Health*, 08-193 (La.App. 3 Cir. 12/10/08), 3 So.3d 517, *writ denied*, 09-889 (La. 6/5/09), 9 So.3d 873. In reversing the grant of summary judgment, we held that an issue of material fact existed regarding whether Tyson intended to release Thompson from paying pre-settlement medical expenses.

The case proceeded to trial on March 18, 2010. No testimony was adduced. The matter was taken under advisement by the WCJ. On June 7, 2010, the WCJ gave oral reasons for his ruling that the order confirming the settlement between Tyson and Thompson was not definite—meaning that it did not state the amount of the

1

settlement—and therefore could not be given the effect of res judicata. Therefore, Tyson was allowed to proceed with her claim for penalties and attorney fees for Thompson's failure to pay the medical bills. He awarded Tyson a penalty of $2,000.00 and an attorney fee of $5,500.00 plus all costs of the proceeding. Thompson appeals.

## ASSIGNMENTS OF ERROR

Thompson assigns as error the assessment of a penalty and attorney fee for the error in preparing the order approving the settlement pursuant to La.R.S. 23:1272 and in awarding Tyson attorney fees for work performed by her attorney on the previous appeal. Tyson answered the appeal seeking an increase in the attorney fees for work performed in this appeal, an increase in the awarded penalty, and an order requiring Thompson to pay the two medical bills directly to her.

## ANALYSIS

A review of the transcript of the WCJ's reasons leads this court to believe that the basis for the award of penalties and attorney fees was not, as Thompson assigned as error, an error in the order of approval. Rather, the order itself did not provide that Thompson was released from past liability. The WCJ stated:

> Again, looking at the order of approval in the Donna Tyson matter, there is no similar language that proves that the judgment, signed by the Court, contains the language to waive any penalties and attorney fees of whatever nature. There is language like that however in the release of all claims and satisfaction in the order of approval. The Court finds that according to Ms. Tyson, based on these matters, is entitled to move forward asserting her claims for penalties and attorney fees for failure to pay some outstanding expenses at Cabrini Medical Center which occurred on February 7, 2003 and February 21, 2003.

The question before the court is whether the order of approval prevails over the settlement document in determining Tyson's right to pursue a claim for penalties and

2

attorney fees. To make that determination, we look to the applicable provisions of the Louisiana Workers' Compensation Act, La.R.S. 23:1021, et seq.

Approval of lump sum or compromise settlements by the WCJ is governed by La.R.S. 23:1272, which requires that all settlements be presented to the WCJ for approval. This is accomplished by the filing of a petition or by recitation of the settlement and acknowledgment by all parties in open court. Section 1272 also requires that, unless the terms of the *settlement* specifically provide otherwise, all compensable medical expenses incurred prior to the date of settlement shall be paid by the payor. La.R.S. 23:1272(E). The compromise agreement, and not the order of approval, is the document that governs the rights of the parties thereto. *See Taylor v. Hathorn Transfer & Storage*, 07-993 (La. App. 3 Cir. 2/6/08), 976 So.2d 259 (*citing Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94), 630 So.2d 741). The order of approval can only be set aside for fraud or misrepresentations. *Sedgwick Claims Mgmt. Serv., Inc. v. Cormier*, 02-216 (La.App. 3 Cir. 3/26/03), 841 So.2d 1032, *writ denied*, 03-1185 (La. 6/20/03), 847 So.2d 1234. But the only function the order performs is to prevent the ill-advised or hasty resolution of the employee's claim that could inure to her serious detriment. *Id.* If the order is set aside, the employee's claim is revived. Unless the order is vacated for fraud or misrepresentations, the settlement documents govern ancillary matters such as entitlement to payment of pre-settlement medical expenses, penalties, and attorney fees.

Tyson signed a "Release of All Claims and Satisfaction of Order Approving Settlement" on August 31, 2005. With regard to Thompson's liability to Tyson, that document provides in pertinent part:

> APPEARER [Tyson] declares that for and in consideration of the aforesaid payment, she does hereby release and forever discharge

3

THOMPSON HOME HEALTH and LOUISIANA HEALTH CARE SELF INSURANCE FUND, [their employees, subsidiaries, etc.] from any and all past, present and future claims, demands, compensation, medical expenses (in addition to any and all outstanding medical bills and/or charges for medical treatment, which employer has already authorized and agreed to pay as a result of Employee's alleged work related accident and injury), costs, expenses, penalties, attorneys' fees, damages, and any and all causes and rights of action whatsoever. . . .

Of particular interest is the parenthetical language regarding medical expenses that the employer already authorized and agreed to pay as a result of Tyson's accident and injury. Section 1272(E) presumes that related medical expenses will be paid unless the settlement document expressly provides otherwise. The parenthetical language reinforces the notion that except for those medical expenses Thompson already agreed to pay and authorized, no further related medical expense would be paid, because it specifically references those expenses Thompson authorized and agreed to pay.

When a settlement constitutes a final, non-appealable judgment, whether the claimant is entitled to penalties and attorney fees is governed by La.R.S. 23:1201(G). *Young v. Jack in the Box, Inc.*, 05-1573 (La.App. 3 Cir. 5/3/06), 929 So.2d 855, *writ denied*, 06-1357 (La. 9/22/06), 937 So.2d 390. Section 1201(G) provides that if any award payable under the terms of a final, nonappealable judgment is not paid within 30 days, a penalty of 24 percent or $100.00 per day plus reasonable attorney fees shall be added, unless the failure to pay arises from conditions over which the employer had no control. The $100.00 per day penalty is capped at $3,000.00 in aggregate.

Tyson's Exhibit 12, which was admitted without objection, contains a collections letter sent to her from General Collections and Recovery of Alexandria, Louisiana. That letter references a number of charges, including the two from Christus St. Francis Cabrini Hospital. The letter is dated August 31, 2006, one year

4

to the date from which the settlement was executed by Tyson, and one week short of a year from the approval by the WCJ. But for the $3,000.00 cap on penalties, Thompson's failure to pay the bills would have resulted in a much larger penalty than that imposed by the WCJ.

Tyson contends that the penalties should be governed by La.R.S. 23:1201(F), which imposes penalties for failure to pay medical bills, and that Thompson should be subject to two penalties, as two bills from Christus had not been paid. In support of her contention, Tyson cites *Campbell v. City of Leesville*, 07-1061 (La.App. 3 Cir. 1/30/08), 974 So.2d 908, *writ denied*, 08-491 (La. 4/25/08), 978 So.2d 366. We disagree. Thompson failed to pay the sum due under one judgment. Rather than being subject to two penalties of $2,000.00 each, Thompson is subject to a single penalty of $3,000.00. *Campbell* did not involve a case that had been resolved via settlement, but an ongoing disputed claim for compensation.

Tyson also disputes the propriety of the WCJ's award of attorney fees. Such awards are subject to review under an abuse of discretion standard. This has long been the standard of review of such awards. *See Choate v. Vermillion Parish Police Jury*, 479 So.2d 671 (La.App. 3 Cir. 1985). As long as the amount awarded is supported by the record, with due consideration for the degree of skill and ability of the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the cause, the attorney fee award will not be disturbed on appeal. *McCarroll v. Airport Shuttle, Inc.*, 00-1123 (La. 11/28/00), 773 So.2d 694.

The WCJ assessed $5,500.00 in attorney fees, based, in part, on the fact that the matter was appealed to this court. *Tyson*, 3 So.3d 517. As Thompson points out,

5

the general rule regarding attorney fees on appeal is that they are awarded only to a claimant who successfully defends a judgment on appeal. *See Phillips v. Diocese of Lafayette*, 03-1241 (La.App. 3 Cir. 3/24/04), 869 So.2d 313. However, in light of the skill and ability of Tyson's attorney, the length of time over which this litigation proceeded, the result obtained by Tyson's attorney for his client, and the amount of time he devoted to his client's cause, we cannot conclude that the $5,500.00 attorney fee constituted an abuse of discretion, the prior appeal notwithstanding.

As noted above, *Phillips* would indicate that Tyson is due additional attorney fees on appeal. We, therefore, award Tyson an additional $3,000.00 in attorney fees for her successful defense of the WCJ's judgment on appeal.

### DECREE

For the reasons stated above, the penalty assessed by the WCJ for failure to pay medical expenses outstanding at the time of settlement is amended from $2,000.00 to $3,000.00. The attorney fee assessed by the WCJ is affirmed. We award Tyson additional attorney fees in the amount of $3,000.00. All costs of this appeal are to be borne by defendant/appellant, Thompson Home Health.

**AFFIRMED AS AMENDED.**