WHIPPLE, J.
LThis matter is before us on appeal by plaintiff, Great Southern Dredging, Inc. (“Great Southern”), from a judgment of the trial court granting summary judgment in favor of defendants, Federal Express Corporation, FedEx Corporate Services, Inc., and Gina Pizzitola[1] (collectively referred to herein as “FedEx”), and dismissing plaintiffs cause of action with prejudice. For the following reasons, we affirm.
DISCUSSION
On February 6, 2008, Great Southern hired FedEx to deliver a sealed bid from Covington, Louisiana, to the Greater La-fourche Port Commission in Galliano, Louisiana. According to the face of the “FedEx U.S. Airbill,” completed by Great Southern and numbered 862900591301, Great Southern contracted for “FedEx Priority Overnight” delivery service, which provided for delivery the “[njext business morning” ... “[t]o most locations.” Great Southern’s deadline for submission of its bid to the Greater Lafourche Port Commission was 2:00 p.m. on February 7, 2008. The bid was delivered by FedEx at 2:52 p.m. on February 7, 2008. As such, the bid was rejected as untimely and returned to Great Southern unopened by the Greater Lafourche Port Commission.
Thereafter, Great Southern filed a petition for damages against FedEx, contending that the “FedEx Priority Overnight” delivery designation required that the bid be delivered by 10:30 a.m. the next day, or at the very latest, by noon. Specifically, Great Southern contended therein that FedEx’s breach of the terms contracted for in its airbill and/or negligence in failing to timely deliver the bid package caused Great Southern to lose revenue and incur damages. In response, FedEx filed a motion for summary judgment, contending that it was entitled to | ¡judgment in its favor as a matter of law in that at all pertinent times, FedEx did not offer a service with a commitment time any earlier than 4:30 p.m. for delivery to Galliano, Louisiana.
Following a hearing on the motion, the trial court granted summary judgment in favor of FedEx and dismissed Great Southern’s petition with prejudice, based on the court’s finding that there were no material issues of fact and that “the language on the face of the airbill is plain and simple.” A judgment in accordance with the trial court’s findings was signed on November 29, 2011. Great Southern then filed the instant appeal.
On appeal, Great Southern contends that the trial court erred in finding: that FedEx fulfilled its contractual obligations; that the FedEx Airbill is not ambiguous; and that there are no material issues of fact as to the intent of the parties. Thus, the issue presented for review is whether, on the record before us, the trial court erred in granting summary judgment and dismissing Great Southern’s claims.
In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. *81 Henderson v. Kingpin Development Company, 2001-2115 (La.App. 1st Cir.8/6/03), 859 So.2d 122, 126. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
We have thoroughly reviewed the evidence in the record and agree with the trial court that summary judgment in favor of FedEx was properly granted herein. The FedEx Airbill at issue clearly qualifies its service and states only that FedEx Priority Overnight service delivers packages the next business morning “[t]o most | locations.”[2] There is no guarantee whatsoever on the face of the airbill (or otherwise demonstrated in the record herein) to show that FedEx contractually agreed that Great Southern’s bid would be delivered to Galliano, Louisiana, by 10:30 a.m. or even by noon for that matter. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. LSA-C.C. art. 2046.
Although Great Southern contends that based on its prior experience, packages sent via the “FedEx Priority Overnight” service usually arrived at their intended destination before 10:30 in the morning or at the very least before noon, such a result was not contractually guaranteed herein, given the clear language of the airbill. Moreover, Great Southern does not dispute that prior to sending the bid, it made no inquiry whatsoever as to whether Galli-ano, Louisiana, was a location for which FedEx did guarantee delivery by the “next business morning.”
Therefore, we affirm the November 29, 2011 judgment of the trial court granting FedEx’s motion for summary judgment and dismissing Great Southern’s cause of action with prejudice in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.1B. Costs of this appeal are assessed to the Plaintiff/Appellant, Great Southern Dredging, Inc.
AFFIRMED.

. Gina Pizzitola was employed by FedEx as the delivery courier in this matter.

. Although we agree with the trial court that the language on the face of airbill is clear and unambiguous, we additionally note that FedEx established that by the terms of its Service Guide, FedEx Priority Overnight delivery provides for a delivery time of “next business day by 10:30 a.m. to most areas” and further "[b]y noon, 4:30 or 5 p.m. to some rural areas.”