439 So.2d 489 (1983)
Charles W. FRANKLIN, et ux.
v.
ABLE MOVING & STORAGE COMPANY, INC.
No. 82 CA 1062.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*490 Jack Rogers, Baton Rouge, for plaintiffs-appellants Charles W. Franklin, et ux.
Robert Hornstein, St. Gabriel, for defendant-appellee Able Moving & Storage Co., Inc.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Plaintiffs appealed the judgment awarding them damages for breach of contract but denying them nonpecuniary damages.
The issue is defendant's liability for mental anguish, stress and inconvenience.
We amend and affirm.
Plaintiffs entered into a verbal contract with the defendant for an in-town move of their household effects at an hourly rate of $59.50, which included the use of a truck and four movers. The move, which was estimated to take three and one-half hours to four hours, took seventeen hours, extended over two days.
Plaintiffs filed suit for damages alleging that despite defendant's repeated assurances that the correct size truck would be furnished, the truck was too small, necessitating two loads and two days' work; that defendant's employees were inexperienced, incompetent, loafed on the job and deliberately wasted a large amount of time; and that defendant's employees damaged furniture and household items, tracked mud in the house, ate plaintiffs' food without permission, and backed the truck over and *491 damaged the lawn of their new neighbor, embarrassing plaintiffs. They also alleged the movers refused to unload the first truckful without payment for it, causing undue delay, notwithstanding the terms of the contract. Plaintiffs sought recovery for the physical damage, excessive charges and mental anguish.
The trial court found that defendant breached the contract and awarded $297.50 in damages representing excessive charges incurred on the second day of the move. Damages for items broken in the move were denied as no evidence was presented as to their value. Nonpecuniary damages were denied.
Plaintiffs appealed contending that defendant's actions were more than mere violations of contractual obligations and constituted tortious acts entitling them to mental anguish damages under Civil Code article 2315.[1]
Pleading the theory of the case is rejected in Louisiana and recovery may be had under any legal theory justified by the facts pleaded in the petition. Philippe v. Browning, 395 So.2d 310 (La.1981). The same acts or omissions may constitute breaches of both general duties and contractual duties giving rise to actions in both tort and contract. Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972); Free v. Franklin Guest Home, Inc., 397 So.2d 47 (La.App. 2nd Cir.), writ denied, 401 So.2d 975 (La.1981).
The trial court found no tortious acts under article 2315. We disagree.
We believe the evidence supports recovery ex delicto. The actions of defendant's employees went further than mere breach of contractual obligations and constituted a breach of its duty to use due care in the transportation of plaintiffs' possessions.
While damages for mental anguish may not be recoverable in breach of contract cases, such damages are recoverable in tort actions. Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976); Gele v. Markey, 387 So.2d 1162 (La.1980).
The record also supports a conclusion that plaintiffs suffered real and substantial emotional distress caused by defendant's actions in the move. Mr. Franklin became so distraught that his physician had to be consulted for medication to calm him down. Mrs. Franklin became so upset she could not eat for the two days of the move. The move was more than an inconvenience to plaintiffs and damages for mental anguish were sufficiently proven.
We believe that an award of $1000.00 will adequately compensate Mr. Franklin and that an award of $500.00 will compensate Mrs. Franklin for the losses they sustained.
For these reasons, the judgment is amended to include an award for mental anguish and distress in favor of Charles W. Franklin in the amount of $1000.00 and in favor of Marilyn T. Franklin in the amount of $500.00. In all other respects, the judgment is affirmed. Defendant shall bear the costs of this appeal.
AMENDED AND AFFIRMED.
NOTES
[1] C.C. art. 2315 provides in part:

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.