923 So.2d 717 (2005)
Joel Yeager LACROUTS
v.
SUCCESSION OF Peter L. LONGO.
No. 2004 CA 1938.
Court of Appeal of Louisiana, First Circuit.
September 23, 2005.
*718 Charlton B. Ogden, III, New Orleans, Counsel for Plaintiff/Appellee Joel Yeager Lacrouts.
Michael Allen Mayhall, New Orleans, Counsel for Defendant/Appellant Succession of Peter I. Longo.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
Defendant-Appellant, the Succession of Peter L. Longo ("Longo")[1], appeals the judgment of the Twenty-Second Judicial District Court for the Parish of St. Tammany denying its motion for summary judgment and granting the cross-motion for summary judgment filed by Plaintiff-Appellee, Joel Yeager Lacrouts ("Lacrouts"). Lacrouts alleges she is entitled to her late husband's share of corporate stock based on a bilateral contract between the two former spouses, while Longo claims to be entitled to the stock based on a donation inter vivos of the stock from Lacrouts' late husband to Peter Longo. The trial court granted Lacrouts' cross-motion for summary judgment. Not finding that either party is entitled to judgment as a matter of law, however, we reverse the trial court's judgment.

FACTS AND PROCEDURAL HISTORY
This matter arises out of what the parties claim to be a dispute about the ownership of 47% of the stock in HLC, Inc., a One-Hour Martinizing company, and the right to payment of proceeds from the sale of the cleaners by HLC, Inc. Lacrouts instituted this lawsuit against Longo, who has since died, and thereafter, substituted his succession as defendant, basing her cause of action on the terms of a community property settlement between Lacrouts and her deceased former husband, Batiste Lacrouts ("Batiste").
By the partition of the community property, Lacrouts and Batiste each became sole owners of one-half of the 47% of the stock in HLC, Inc. This partition was contemporaneously amended by an authentic act entitled "Memo to Property Settlement."
Lacrouts bases her claim upon the Memo to Property Settlement which says, in relevant part, "The 47% owned by Joel and Bat Lacrouts in the One Hour Martinizing Company, will be shared if Abe Cowan sells all cleaners while Joel and Bat are alive. If one is deceased the surviving partner will be paid the full amount of 47% by Mr. Cowan."
*719 Shortly before his demise, Batiste made a formally valid donation inter vivos of his one-half share of the 47% of the stock in HLC, Inc. to his cousin, Peter Longo. No mention of the Memo to Property Settlement appears in the donation.
Shortly after Batiste's demise, Mr. Cowan sold the last of the cleaners, at which time Lacrouts filed suit against Longo.
Lacrouts alleges that she is entitled to the 23.5% of the stock donated to Longo by Batiste by the terms of the Memo to Property Settlement, which she alleges to be a valid, bilateral contract. Longo contends Lacrouts is owed nothing, because the Memo to Property Settlement is neither a valid donation inter vivos nor a valid donation mortis causa, meaning Lacrouts has no claim to the shares in HLC, Inc. held by Longo's succession.
Longo filed a motion for summary judgment, and Lacrouts responded with a cross-motion for summary judgment. The trial court issued judgment on the motions in favor of Lacrouts and against Longo, providing written reasons therefor.

DISCUSSION
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Henderson v. Kingpin Development Co., 01-2115, p. 4 (La.App. 1 Cir. 8/6/03), 859 So.2d 122, 126. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of fact. Jarrell v. Carter, 632 So.2d 321, 323 (La.App. 1 Cir.1993). Summary judgment is only appropriate if the admissible pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B).
Summary judgment is a proper procedural method of determining the meaning of a contract when no factual issue is raised. Latter & Blum, Inc. v. von Ruekfrang, 249 So.2d 229, 233 (La. App. 4 Cir.1971). In our de novo review, we find no undisputed facts supporting the trial judge's factual finding equating "stake" with the 47% named in the Memo to Property Settlement. The term "stake" as used by the lower court appears nowhere in the pleadings, depositions, interrogatories, admissions, or affidavits. Summary judgment is rarely appropriate where a question remains as to the meaning of or intent behind certain provisions of a contract. Eiche v. East Baton Rouge Parish School Bd., 623 So.2d 167, 170 (La. App. 1 Cir.1993). Because the contract provisions are unclear and susceptible to multiple, inconsistent interpretations with regards to the object of the contract, whether it be ownership of actual shares of stock, the right to proceeds from certain sales, or something else entirely, we cannot agree with the trial court that Lacrouts is entitled to summary judgment.
There are issues of material fact that can only be resolved by the trier of fact at a trial on the merits because the contract is ambiguous, and there are genuine issues as to the true intent of the parties. Even without the ambiguities in the contract, additional questions of fact remain, including but not limited to the following:
1. Whether Batiste had the right to donate his shares as encumbered by the terms of the Memo to Property Settlement?
2. Whether the property at issue is shares in the corporation, or whether it is the right to proceeds from sales made by the corporation?

*720 3. Whether Mr. Cowan could pay the full 47% due to Lacrouts under the Memo to Property Settlement without her being in possession of the stock?
4. Whether the 47% referred to first in the Memo to Property Settlement is the same as the 47% referred to last in the Memo to Property Settlement?
5. Whether Batiste intended by the donation inter vivos to Longo to deprive Lacrouts of his 23.5% interest in HLC, Inc. or of the right to the proceeds of the sale of whatever else is being paid upon his death.
Because of these and other ambiguities, questions of material fact remain, and we do not see that either party is entitled to judgment as a matter of law. Therefore, the trial court erred in granting Lacrouts' motion for summary judgment.

DECREE
For the foregoing reasons, we reverse the judgment of the trial court. Costs are assessed equally between the Succession of Peter L. Longo and Joel Yeager Lacrouts.
REVERSED.
GAIDRY, J., concur in part and dissent in part.
GAIDRY, concurring in part and dissenting in part.
I concur in the decision of the majority to reverse the summary judgment in favor of Lacrouts, but for reasons other than those expressed by the majority. However, I dissent in part, on the grounds that the trial court's judgment denying Longo's motion for summary judgment should likewise be reversed, and summary judgment rendered in Longo's favor, and on the grounds that remand of this matter for further proceedings is therefore inappropriate.
In my view, the majority overanalyzes the issues of what is essentially a simple case. Distilled to its essence, the primary issue before us is whether there is genuine issue of material fact as to the present ownership of the 23.5% interest in the corporate stock of HLC, Inc., acquired by Batiste pursuant to the community property settlement. A subsidiary issue is the legal effect, if any, of the "Memo to Property Settlement."
Under the procedural rules applicable to summary judgment, Lacrouts bore the ultimate burden of proof as to both her own motion and Longo's motion. The record demonstrates that she failed to meet her burden to establish any genuine issue of material fact relating to the validity of Batiste's donation inter vivos of his stock interest to Longo. Her argument relating to the "Memo to Property Settlement" presupposes that she and Batiste had some right of control over the corporation's disposition of either the capital of the corporation upon liquidation or the proceeds from the sale of corporate assets, apart from what the law of corporations provides. But she failed to present any proof supporting that argument, and likewise failed to establish any restrictions on the transferability of the corporate stock interest. See, e.g., La. R.S. 12:57(F). At any rate, what Mr. Cowan might decide to do, in his capacity as majority stockholder, is not the determinative issue governing the ownership of the disputed 23.5% interest; it is a "red herring," plain and simple. Batiste owned 23.5% of the stock of the corporation; he validly donated that property to Longo. Lacrouts failed to establish by competent evidence the existence of any legal impediment to that donation. Longo is therefore entitled to summary *721 judgment in his favor, and to the stock interest.
I will concede that the former spouses may have intended to create the equivalent of a limited, bastardized common-law "joint tenancy" as to the stock formerly held as community property, but the "Memo to Property Settlement" is legally insufficient to accomplish that result. The only conceivable manner in which it could have been done was perhaps through valid reciprocal and alternative donations mortis causa. The "Memo to Property Settlement" does not conform to our law in that regard, and thus has no legal effect. This is not a factual issue; this is a legal issue.
NOTES
[1] We note that a succession is technically a process, not a person, natural or juridical. Succession of Wallace, 574 So.2d 348, 358 (La.1991). Therefore, the proper party should be the succession representative. Id.; La.Code Civ. P. art. 734. However, since all pleadings refer to Defendant-Appellant as the Succession of Peter L. Longo, we shall do the same to avoid confusion.