DOWNING, J.
 

 [gPlaintiffs, Aldon and Eloyce Everett, appeal a judgment granting Essex Insurance Company’s (Essex’s) motion for summary judgment. In the judgment the trial court ruled that the Commercial General Liability (CGL) policy issued by Essex to Gordon N. Philibert and Bel Oaks Build
 
 *618
 
 ers, Ine., (collectively, Bel Oaks), provided no coverage for the tort claims alleged in plaintiffs’ petition. The trial court also ruled that Essex had no duty to defend Bel Oaks against those claims. For the following reasons, we affirm the trial court judgment.
 

 PACTS AND PROCEDURAL HISTORY
 

 This litigation arises out of alleged defects or deficiencies in the construction of a residence in Covington. The Everetts entered into a written contract with Bel Oaks and its president, Mr. Philibert, to build a house. The Everetts repeatedly lodged complaints about alleged drastic deficiencies in the construction. Bel Oaks never resolved the problems, and the contract was cancelled.
 

 The Everetts filed suit against Bel Oaks alleging negligent hiring, negligent supervision, breach of contract, and breach of the New Home Warranty Act.
 
 [1]
 
 Later they filed an amended petition against Essex as the insurer of Bel Oaks. In Essex’s answer it denied all allegations and asserted that the policy precluded coverage for plaintiffs’ claims, which included property damage, bodily injury, and emotional and economic damages.
 

 Essex filed a motion for summary judgment, asserting that due to the policy exclusions, there was no coverage under the policy for the claims alleged against Bel Oaks. The trial court granted the motion and dismissed plaintiffs’ claims against Essex with prejudice. In plaintiffs’ appeal, they assert various reasons why the trial court erred in finding no coverage under the policy. These assignments of error include: that the policy was ambiguous; that the work product exclusion did |3not reference claims for bodily injury; and that the breach of contract exclusion failed to apply to the negligence claims.
 

 STANDARD OF REVIEW
 

 A trial court should grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art 966 B. Appellate courts review summary judgments
 
 de novo,
 
 using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate.
 
 Lacrouts v. Succession of Longo,
 
 04-1938 (La.App. 1 Cir. 9/23/05), 923 So.2d 717, 719. Summary judgment is a proper procedural method of determining the meaning of a contract when no factual issue is raised.
 
 Id.
 

 DISCUSSION
 

 Initially, the movant bears the burden of proof on the motion for summary judgment; if the movant successfully meets this burden, then the burden shifts to the other party to present factual support that he/she will be able to satisfy the evidentiary burden at trial.
 
 Supreme Services and Specialty Co. v. Sonny Greer, Inc.,
 
 06-1827, p. 5 (La.5/22/07), 958 So.2d 634, 638. The insurer has the burden of proving that a policy claimed loss falls within the exclusion.
 
 Id.,
 
 06-1827, p. 6, 958 So.2d at 639.
 

 In support of its motion for summary judgment pursuant to LSA-C.C.P. art. 966, Essex introduced the Bel Oaks — Everett building contract, the depositions of both plaintiffs, the affidavit of the Essex claims examiner, and the CGL policy. Pertinent provisions of the policy are as follows:
 

 
 *619
 
 The Contractor Limitation Endorsement provides, in pertinent part:
 

 The coverage under this policy does not apply to “bodily injury,” “property damage,” “personal injury,” “advertising injury,” or |4any injury, loss or damage arising out of inadequate, improper, faulty or defective construction ...
 

 The Breach of Contract Exclusion provides:
 

 This insurance does not apply to claims for breach of contract, whether express or oral, nor claims for breach of an implied in law or implied in fact contract, whether “bodily injury,” “property damage,” “advertising injury,” “personal injury” or an “occurrence” or damages of any type is alleged; this exclusion also applies to any additional insured under this policy.
 

 Furthermore, no obligation to defend will arise or be provided by us for such excluded items.
 

 The Endorsement, dated July 20, 2003, for mold exclusion provides, in pertinent part:
 

 It is hereby understood and agreed that Item 5 of either M/E001 (4/00) or M/E-001 (4/99) is amended to read as follows:
 

 5. Asbestos, Lead, Silica Dust, Mold, Bio-organic Growth or Mildew are not covered under this policy, nor are any expenses nor are any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising or alleged to have arisen out of:
 

 (a) “Bodily Injury,” “Personal Injury,” “Property Damage” or Damages of any type, arising out of the inhalation, ingestion, physical exposure to, absorption of, or toxic substances from asbestos, lead, silica dust, mold, bio-organic growth or mildew in any form, or from any goods, products or structures containing same; ...
 

 We first consider the breach of contract exclusion.
 

 After Essex presented its evidence, it pointed out that the Everetts’ claims for bodily injury and emotional distress arose from Bel Oak’s failure to properly construct the residence. While acknowledging that some facts can support a both tort action and breach of contract action, Essex asserted that plaintiffs failed to demonstrate that Bel Oaks committed an independent act of negligence or breach of a general duty. Essex asserted that pursuant to LSA-C.C.P. art. 966 C(2), the Everetts have failed to produce the factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial since all of their alleged claims were excluded under the breach of contract exclusion.
 

 |sIn response, the Everetts contend that they can prevail at trial because: (1) the policy is ambiguous and does not clearly exclude their claims as the exclusion does not explicitly exclude “claims relating to, arising from and/or based upon a breach of contract;” and (2) their claims sound in tort as well as breach of contract.
 

 In this case, the policy exclusions unambiguously exclude claims for breach of contract, whether express or oral, for “bodily injury,” “property damage,” “advertising injury,” “personal injury” or an “occurrence” or damages of any type, if alleged from the faulty construction caused by the builder or its subcontractors. These exclusions are not limited to intentional or negligent breach, but address all breaches of contract claims. Thus, there is no merit to the claim of ambiguity.
 

 The Everetts claim they may be able to recover if their claims for personal injury arise in tort and are separate from
 
 *620
 
 the breach of contract claims. Citing
 
 Borden, Inc. v. Howard Trucking Company, Inc.,
 
 454 So.2d 1081, 1096 (La.1983);
 
 Dietrich v. Travelers Ins. Co.,
 
 551 So.2d 64, 66-67 (La.App. 1 Cir.1989);
 
 In re St. Louis Encephalitis Outbreak in Ouachita Parish No. 01-1221 All Cases,
 
 41,250-41,-259 (La.App. 2 Cir. 9/1/06), 939 So.2d 563, 566-67;
 
 Dubin v. Dubin,
 
 25,996 (La.App. 2 Cir. 8/17/94), 641 So.2d 1036, 1039-1040, they argue that the same operative facts can create separate actions; when a person negligently performs a contractual obligation, he has committed an action in tort.
 

 We agree that it is well settled that the same acts or omissions may constitute breaches of general and contractual duties and may give rise to both actions in torts and actions in contract.
 
 See Franklin v. Able Moving & Storage Company, Inc.,
 
 439 So.2d 489, 491 (La.App. 1 Cir.1983). However, for the Everetts to prevail under this theory, they must show that their negligence claims are separate and distinct and not arising from the breach of contract claim.
 
 See Dubin,
 
 25,996, 641 So.2d at 1039-1040. Particularly, the tort claim must arise from a duty other than one imposed by the contract.
 
 See In re St. Louis \Encephalitis,
 
 41,250, 939 So.2d at 566-567, where the trial court ruled in favor of plaintiffs because, even though there was an alleged breach in the contractual obligation, plaintiffs petition also alleged a breach of duty owed to all persons which supported a separate and distinct action in tort.
 

 Here, however, all of the claims of personal injury and emotional distress arise from the duty created by the contract to build a house competently, which is a duty personal to the Everetts. Despite the Ev-eretts’ arguments to the contrary, our review of the record indicates that their claims for bodily injury and emotional distress, including the ones that may have been caused by mold and mildew, all arise from the alleged underlying negligent breach of contract. The record is void of any showing to negate that the Essex exclusions clearly and unambiguously do not provide coverage for bodily injury and emotional distress. All the tort claims alleged by the Everetts, stem from Bel Oaks’ contractual duty to properly and timely construct a residence. There is no showing of a breach of a general duty. The only allegations in the petition are for breaches of duty confected by contract.
 

 After conducting our
 
 de novo
 
 review, we conclude that the policy at issue is not ambiguous and that the policy and the breach of contract clause in the policy clearly exclude the personal injury damages which Bel Oaks and/or its subcontractors may become liable to plaintiffs. The discussion of the other possible arguments by the Everetts is therefore pretermitted. Pursuant to LSA-C.C.P. art. 966 C(2), the Everetts have failed to produce the factual support sufficient to establish that they will be able to satisfy their evidentiary burden to prevail at trial. Accordingly, summary judgment was appropriate. We conclude there are no genuine issues of material fact, and, the CGL policy issued by Essex to Bel Oaks does not provide coverage for plaintiffs’ claims.
 

 |7The cost of this appeal is assessed against the plaintiffs/appellants Eloyce Everett and Aldon Everett. This memorandum opinion is issued in accordance with Uniform Rules of Louisiana Courts of Appeal Rule 2-16.1B.
 

 AFFIRMED.
 

 WHIPPLE, J., concurs.
 

 [1]
 

 . The New Home Warranty Act is not at issue in this appeal.