| | | |
|---|---|---|
| **2309-11 WASHINGTON AVENUE TRUST, RISE UP REAL ESTATE GROUP, LLC AND BRET M. BARATTINI** | * | **NO. 2025-C-0550** |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **LISA-RAYE INVESTMENTS, LLC, LISA-RAYE INVESTMENTS & CONSTRUCTION, LLC, RAYE MCGEE, OAM INSURANCE COMPANY, MAXUM INDEMNITY COMPANY AND LLOYD'S OF LONDON** | * | |
| | * | |
| | **STATE OF LOUISIANA** | |
| | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-03144, DIVISION "J"
Honorable D. Nicole Sheppard
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Nakisha Ervin-Knott)

Thear J. Lemoine
Taylor R. Lambert
Jeffrey J. Brainard
BROWN SIMS, P.C.
365 Canal Street, Suite 2900
New Orleans, Louisiana 70130

      COUNSEL FOR RELATOR

Kevin O. Larmann
KIRKENDALL DWYER, LLP
2424 Edenborn Avenue, Suite 670
Metairie, Louisiana 70001

      COUNSEL FOR RESPONDENTS

      **WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**
      **OCTOBER 30, 2025**

Maxum Indemnity Company ("Maxum") seeks review of the district court's July 24, 2025 judgment denying its motion for summary judgment. For the following reasons, we grant Maxum's writ, reverse the district court's ruling, and render judgment granting Maxum's motion for summary judgment.

## FACTUAL AND PROCEDURAL HISTORY

On February 1, 2018, the 2309-11 Washington Avenue Trust, Rise Up Real Estate Group, LLC; and Bret M. Barattini (collectively "Plaintiffs") contracted with Lisa-Raye Investments, LLC; Lisa-Raye Investments & Construction, LLC, and Raye McGee (collectively "Lisa-Raye Defendants") to renovate a residential structure located at 2309-11 Washington Avenue, New Orleans, Louisiana. The written Independent Contractor Services Agreement ("Contract") called for two phases of construction: (1) semi-demolition of the existing structure and bracing the structure to prepare for remodeling, and (2) roughing in electrical, plumbing, insulation, drywall, and finishes throughout the structure. The Contract required the Lisa-Raye Defendants to brace the structure, supervise subcontractors, and ensure jobsite safety. The Lisa-Raye Defendants subcontracted with OAM Construction, LLC and Orlando Medina (collectively "OAM Defendants") to complete Phase 1 of

the construction project. On March 26, 2018, while the Lisa-Raye and OAM Defendants were working on Phase 1 of the project, the existing structure collapsed, fell over into a neighboring property, and was destroyed.

Plaintiffs filed a petition for damages and breach of contract ("petition") on March 22, 2019, and named several defendants, including the Lisa-Raye Defendants, OAM Defendants, Arch Specialty Insurance Company, Maxum, and Lloyd's of London.[1] Maxum, a Lisa-Raye Defendants' insurer, was named as a defendant pursuant to the Louisiana Direct Action Statute. Maxum had issued a Commercial General Liability ("CGL") policy ("Policy") to the Lisa-Raye Defendants, which contained "Breach of Contract" and "Damage to Property" Exclusions.

On December 19, 2024, Maxum filed a motion for summary judgment ("motion"), asserting that due to the policy exclusions, there was no coverage under the Policy for the claims alleged against the Lisa-Raye Defendants. The district court heard the motion on June 27, 2025, and denied the motion in open court. In its oral reasons for judgment, the district court stated, in part:

> Ultimately, in *Perniciaro*[2], the court found that the negligent and intentional torts alleged stem from the contract and the plaintiff's allegations of any and all other negligent and/or intentional acts were excluded from the coverage due to the lack of showing of any breach of general duty owed to the general public at large.
>
> In the case at hand, within the contract entered by the plaintiffs and the Lisa-Raye Defendants under Phase 1 of the contract work --where the scope of work was included was to brace the house, the entire house, for safety. In using the "but for" test described in *Perniciaro*, the Court finds that there are still several issues that need to be addressed on what was the cause of the alleged claims asserted by the plaintiffs.

---

[1] Plaintiffs later filed an amended petition on December 19, 2019.
[2] *Perniciaro v. McInnis,* 2018-0113 (La. App. 4 Cir. 9/7/18), 255 So.3d 1223.

The district court issued a signed judgment and notice of signing of judgment on July 24, 2025, and this timely writ application for supervisory review followed.

**DISCUSSION**

In its writ application, Maxum assigns three errors: (1) the district court erred in finding that an immaterial issue of causation precluded summary judgment on coverage; (2) the district court erred by misapplying this Court's decision in *Perniciaro* and the "but for" test employed therein; and (3) the district court erred in failing to consider or address the Policy's "Damage to Property" Exclusions.

The summary judgment procedure is favored, and the procedure "is designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Planchard v. New Hotel Monteleone, LLC*, 2021-00347, pp. 2-3 (La. 12/10/21), 332 So.3d 623, 625 (citations omitted).

"Whether an insurance policy provides for, or precludes, coverage as a matter of law is an issue that can be resolved within the framework of a motion for summary judgment*." Certain Underwriters at Lloyd's of London v. Duxworth Roofing and Sheetmetal, Inc.*, 2022-0821, p. 7 (La. App. 4 Cir. 7/18/23), 370 So.3d 1144, 1149 (quoting *Wagner v. Tammany Holding Co., LLC,* 2013-0374, p. 7 (La. App. 4 Cir.

3

10/9/13), 135 So.3d 77, 82). Regarding the interpretation of insurance contracts, this

Court has stated:

> An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. *Cadwallader v. Allstate Ins. Co.*, [20]02-1637, p. 3 (La. 6/27/03), 848 So.2d 577, 580; *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co.*, [19]93-0911 (La. 1/14/94), 630 So.2d 759, 763. The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent. La. C.C. art. 2045; *Louisiana Ins. Guar. Ass'n*, [19]93-0911 at p. 5, 630 So.2d at 763; *Garcia v. St. Bernard Parish School Board*, 576 So.2d 975, 976 (La. 1991). Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art. 2047; *Cadwallader*, [20]02-1637 at p. 3, 848 So.2d at 580; *Carbon v. Allstate Ins. Co.*, [19]97-3085, p. 4 (La. 10/20/98), 719 So.2d 437, 439.
>
> An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. *Carrier v. Reliance Ins. Co.*, [19]99-2573, pp. 11-12 (La. 4/11/00), 759 So.2d 37, 43 (quoting *Louisiana Ins. Guar. Ass'n*, [19]93-0911 at p. 5, 630 So.2d at 763). Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer's liability and impose and enforce reasonable conditions upon the policy obligations the insurer contractually assumes. *Carbon*, [19]97-3085 at p. 5, 719 So.2d at 440; *Louisiana Ins. Guar. Ass'n*, [19]93-0911 at p. 6, 630 So.2d at 763.

*Soule v. Woodward Design + Build, LLC,* 2022-0352-56, pp. 10-11 (La. App. 4 Cir.

12/21/23), 382 So.3d 1052, 1059-60 (citation omitted).

"Generally the insurer's obligation to defend suits against its insured is

broader than its liability for damage claims." *Perniciaro v. McInnis,* 2018-0113, p.

10 (La. App. 4 Cir. 9/7/18), 255 So.3d 1223, 1231 (citations omitted). This Court

has previously explained:

> The issue of whether a liability insurer has the duty to defend a civil action against its insured is determined by application of the "eight-corners rule," under which an insurer must look to the "four corners" of the plaintiff's petition and the "four corners" of its policy to determine whether it owes that duty. *Vaughn v. Franklin*, 2000-0291, p. 5 (La. App. 1 Cir. 3/28/01), 785 So.2d 79, 84. Under this analysis, the factual allegations of the plaintiff's petition must be liberally

4

interpreted to determine whether they set forth grounds which raise even the possibility of liability under the policy. *Id.* In other words, the test is not whether the allegations unambiguously assert coverage, but rather whether they do not unambiguously exclude coverage. *Id.* Similarly, even though a plaintiff's petition may allege numerous claims for which coverage is excluded under an insurer's policy, a duty to defend may nonetheless exist if there is at least a single allegation in the petition under which coverage is not unambiguously excluded. *Employees Ins. Representatives, Inc. v. Employers Reinsurance Corp.,* [19]94-0676, p. 3 (La. App. 1 Cir. 3/3/95), 653 So.2d 27, 29.

*Id.* at pp. 10-11, 255 So.3d at 1231 (citation omitted).

In the instant matter, the policy issued by Maxum to the Lisa-Raye Defendants contains a "Breach of Contract" Exclusion, which provides:

**EXCLUSION – BREACH OF CONTRACT (E831)**

> This insurance does not apply to any claim or "suit" for breach of contract, whether express or oral, nor claims for breach of an implied in law or implied in fact contract, whether "bodily injury", "property damage", "personal and advertising injury", or an "occurrence" is alleged and we shall have no obligation to indemnify or defend any insured for "bodily injury," "property damage," or "personal and advertising injury" or an "occurrence" directly or indirectly arising out of, caused by, or resulting from breach of contract. This exclusion also applies to any additional insureds under this policy.

Looking at the allegations contained within the petition and amended petition, it is apparent that Plaintiffs have asserted breach of contract claims against the Lisa-Raye Defendants, as both petitions contain the following language:

> …Defendants Lisa Raye Investments, LLC, Lisa-Raye Investments & Construction, LLC and Raye McGee failed to perform pursuant to the terms and conditions of the Independent Contractor Services Agreement (Non-Employee Compensation Contract) and are therefore in breach.

> Plaintiffs suffered damages as a result of Defendants Lisa Raye Investments, LLC, Lisa-Raye Investments & Construction, LLC and Raye McGee's breach of the terms of the Contractor Services Agreement (Non-Employee Compensation Contract), and Plaintiffs are entitled to all damages flowing from said breaches and all damages, penalties, attorneys' fees and costs allowed under the terms of the

Contractor Services Agreement (Non-Employee Compensation Contract).

The Lisa-Raye Defendants do not dispute the fact that the Policy contains a "Breach of Contract" Exclusion. Referencing Plaintiffs' petitions, the Lisa-Raye Defendants maintain this exclusion does not preclude coverage for the negligence claims asserted in the petitions. We disagree.

In *Perniciaro v. McInnis*, the plaintiffs contracted with the St. Bernard Parish government to provide IT services and later sued the Parish and several individual council members for breach of contract, negligence, and intentional torts. *Id.* at pp. 1-4, 255 So.3d at 1226-27. The Parish's insurer moved for summary judgment based on its breach of contract exclusion. *Id.* at p. 5, 255 So.3d at 1228. In finding that the negligence and intentional tort claims stemmed from the IT contract, this Court made the following observations:

- "These alleged claims would not have occurred but for the breach of contract by the Parish,"

- "[T]he claims are not separate and distinct from the breach of contract," and

- The plaintiffs "have not shown the Parish breached any general duty owed to the public at large."

*Id.* at p. 15, 255 So.3d at 1234. This Court affirmed summary judgment in favor of the Parish's insurer.

Similarly, in *Everett v. Philibert,* the First Circuit affirmed the district court's judgment finding that a breach of contract exclusion applied to plaintiffs' breach of contract and negligence claims. 2008-2270 (La. App. 1 Cir. 5/8/09), 13 So.3d 616. The plaintiffs-homeowners sued the contractor for deficiencies in the construction of their residence and asserted both breach of contract and tort claims of bodily

injury and emotional distress. *Id.* at p. 2, 13 So.3d at 618. The contractor's CGL policy contained a breach of contract exclusion, similar to the one in the matter herein. *Id.* at p. 4, 13 So.3d at 619. The First Circuit observed:

> We agree that it is well settled that the same acts or omissions may constitute breaches of general and contractual duties and may give rise to both actions in torts and actions in contract. *See Franklin v. Able Moving & Storage Company, Inc.,* 439 So.2d 489, 491 (La.App. 1 Cir.1983). However, for the [plaintiffs] to prevail under this theory, they must show that their negligence claims are separate and distinct and not arising from the breach of contract claim. *See Dubin,* 25,996, 641 So.2d at 1039–1040. Particularly, the tort claim must arise from a duty other than one imposed by the contract. *See In re St. Louis Encephalitis*, 41,250, 939 So.2d at 566–567, where the trial court ruled in favor of plaintiffs because, even though there was an alleged breach in the contractual obligation, plaintiffs petition also alleged a breach of duty owed to all persons which supported a separate and distinct action in tort.

*Id.* at pp. 5-6, 13 So.3d at 620. The court, in *Everett*, determined "[a]ll the tort claims alleged by the [plaintiffs], stem from [the contractor's] contractual duty to properly and timely construct a residence. There is no showing of a breach of a general duty. The only allegations in the petition are for breaches of duty confected by contract." *Id.* at p. 6, 13 So.3d at 620.

Recently, in *Allen v. Southwest Builders, L.L.C.*, the First Circuit addressed the same Maxum breach of contract exclusion that forms the basis of this writ application. 2022-1344 (La. App. 1 Cir. 8/24/23), 372 So.3d 32. In *Allen*, the plaintiffs contracted with defendant-contractor for the construction of their custom home and filed suit against the contractor asserting claims for breach of contract, breach of implied warranty of good workmanship, and negligence. *Id.* at p. 2, 372 So.3d at 34. The defendant-contractor's CGL insurer, Maxum, who was later added to the suit, filed a motion for summary judgment asserting its policy contained a breach of contract exclusion that excluded any damages arising out of the breach of

7

contract by the defendant-contractor. *Id.* at pp. 3-4, 372 So.3d at 34-36. The Maxum policy contained the following language:

**EXCLUSION-BREACH OF CONTRACT**

> This insurance does not apply to any claim or "suit" for breach of contract, whether express or oral, nor claims for breach of an implied in law or implied in fact contract, whether "bodily injury"[,] "property damage", "personal and advertising injury", or an "occurrence" is alleged and we shall have no obligation to indemnify or defend any insured for "bodily injury," "property damage," or "personal and advertising injury" or an "occurrence" directly or indirectly arising out of, caused by, or resulting from breach of contract. This exclusion also applies to any additional insureds under this policy.

*Id.* at p. 12, 372 So.3d at 40-41. The First Circuit stated, "Louisiana jurisprudence has consistently held that a commercial general liability policy that includes a breach of contract exclusion, such as the one in this case, unambiguously precludes any claims for coverage regarding any 'bodily injury,' 'property damage,' 'advertising injury,' 'personal injury' or an 'occurrence' or damages of any type." *Id.* at p. 13, 372 So.3d at 41. The court affirmed the district court's granting of summary judgment in favor of Maxum.

In this present case, Plaintiffs' allegations against the Lisa-Raye Defendants make clear that their negligence claims are interconnected to the contractual obligations set forth in the Contract. The Contract required the Lisa-Raye Defendants to oversee demolition, debris removal, and structural bracing, as well as to supervise subcontractors and ensure safe and high-quality work. Plaintiffs' negligence claims reflect these contractual duties, alleging failures in bracing, supervision, and jobsite safety – all of which were assumed under the Contract. There are no allegations that the Lisa-Raye Defendants breached a duty owed separate from the Contract or to the public at large, and there are no claims separate and distinct from the alleged breach of contract. Thus, the "Breach of Contract"

8

Exclusion precludes coverage of Plaintiffs' breach of contract and negligence claims against the Lisa-Raye Defendants.

Based on our *de novo* review of the record, we find that Maxum met its burden of proof on the motion for summary judgment, thereby shifting the burden to the Lisa-Raye Defendants to present factual support establishing the existence of a genuine issue of material fact regarding Maxum's exclusion claim. The Lisa-Raye Defendants failed to produce any evidence showing that Plaintiffs' claims fell outside of the breach of contract exclusion. Therefore, in accordance with La. C.C.P. art. 966(D)(1)[3], summary judgment should have been granted in Maxum's favor as a matter of law.

Having determined that the "Breach of Contract" Exclusion precludes coverage, we pretermit discussion of the Policy's "Damage to Property" Exclusion. As the Policy does not provide coverage for Plaintiffs' claims against the Lisa-Raye Defendants, the district court erred in denying Maxum's motion for summary judgment.

## DECREE

For the above and foregoing reasons, we grant Maxum's writ, reverse the district court's July 24, 2025 judgment denying its motion for summary judgment,

---

[3] Louisiana Code of Civil Procedure Article 966(D)(1) provides:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

and render judgment granting Maxum's motion for summary judgment.

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**